**WILLIAM DEMPSIE**                                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:17-CV-P464-JHM**

**UNKNOWN DEFENDANTS et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court is the civil action initiated by Plaintiff, William Dempsie, proceeding *pro se* and *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Kentucky State Reformatory. In the document initiating this action (DN 1), he states that he is requesting "sovereign citizenship immunity." Included in this document is a paragraph under the heading "Hold-Harmless Agreement" in which Plaintiff states: "William Dempsie being the legal court debtor, do hereby hold harmless one William Dempsie from any and all legal law liability, obligations, warrants, summons, fines, fees, imprisonment, penalty, costs, or whatever may be held against William Dempsie for whatever reason and in whatever states he may be in." The document also has a section marked "Notice to Rescind" wherein Plaintiff declares that "the title owner legal name of William Dempsie is and shall be outlawed for any use by anybody" from July 28, 2017, until Plaintiff's death or "until title owner releases it by written notice." The document also asserts that "[n]o part of this legal title owner's name may be reproduced, in any retrieval system, or transmitted in any form by any

means electronic, mechanical, photo copy, recording, or otherwise, without the prior written permission from the legal title owner."

Plaintiff also filed what the Court considers to be an amended complaint (DN 14) on a civil complaint form. *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course within . . . 21 days of serving it.") That amended complaint names as Defendants the Commonwealth of Kentucky and the Kentucky Department of Corrections. He lists as the bases for jurisdiction the First, Fourth, Fifth, Eighth, Eleventh, Fourteenth, and Seventeenth Amendments. He states: "False arrest in the Commonwealth of Kentucky. False imprisonment by the Kentucky Department of Correction." In the relief section of the amended complaint, he requests only: "Sovereign Citizenship Immunity or Diversity of Citizenship and Deport from United States to Africa to live only."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, this action must be dismissed as frivolous because there is no such thing as

"sovereign citizen ship immunity," which is what Plaintiff requests. "Sovereign citizen"

arguments have "been uniformly rejected by the federal courts" for decades. *Smith v. Heyns*,

No. 13-14013, 2014 WL 3687119, at *1 n.1 (E.D. Mich. July 24, 2014); *see also United States v.

McCaskill*, 48 F. App'x 961 (6th Cir. 2002); *Payne v. Kilda*, No. 15-cv-14127, 2016 WL

491847, at *3 (E.D. Mich. Jan. 6, 2016). "Sovereign citizen" arguments are "recognized as

frivolous and a waste of court resources." *Muhammad v. Smith*, No. 3:13-CV-760 MAD/DEP,

2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014); *see also United States v. Mundt*, 29 F.3d

233, 237 (6th Cir. 1994) (rejecting an argument similar to that made by "sovereign citizens" as

being "without merit and patently frivolous"). In short, claims premised on "sovereign citizen"

theories may be dismissed without "extended argument," *United States v. Ward*, No. 98-3019,

1999 WL 369812, at *2 (9th Cir. May 13, 1999), as patently frivolous. *See United States v.

McQuarters*, No. 11-MC-51386, 2013 WL 6095514, at *2 (E.D. Mich. Nov. 20, 2013) (finding

that "sovereign citizen" arguments "'are totally implausible, attenuated, unsubstantial, frivolous,

devoid of merit, [and] no longer open to discussion'" (quoting *Apple v. Glenn*, 183 F.3d 477, 479

(6th Cir. 1999)).

With regard to Plaintiff's amended complaint, Congress has explicitly provided a remedy

for constitutional violations brought against state and local officials and local units of

government in 42 U.S.C. § 1983. In *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987),

*vacated on other grounds*, 488 U.S. 1036 (1989), the Sixth Circuit held that § 1983 provides the

exclusive remedy for constitutional claims brought against state and local officials and local units of government. Therefore, the Court construes Plaintiff's claims under the constitutional amendments listed in his amended complaint as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

Plaintiff's amended complaint is frivolous and fails to state a claim because he seeks release from state custody. A § 1983 action is not the proper remedy for a state prisoner who is challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. Furthermore, the Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted). *Heck* and its progeny "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

A favorable ruling on Plaintiff's claim that he was falsely arrested and imprisoned would necessarily imply the invalidity of Plaintiff's conviction and sentence. Therefore, Plaintiff's amended complaint is barred by *Heck. See Smithhart v. Towery*, 79 F.3d 951, 952 (9th Cir.

1996) (per curiam) (stating that "*Heck* bars [the plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him" and that the plaintiff could "challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus").[1]

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: October 31, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4414.009

---

[1] Although sometimes a Fourth Amendment claim may proceed regardless of whether the underlying conviction has been invalidated, such is true only if the plaintiff alleges some injury apart from his conviction and imprisonment. *Heck*, 512 U.S. at 487 n.7.  The injury alleged here is Plaintiff's arrest and confinement in prison.  Consequently, *Heck's* exception for Fourth Amendment claims does not apply.  *See, e.g.*, *Townsend v. Roberts*, No. 13-11581, 2013 WL 3732884, at *2 n.1 (E.D. Mich. July 15, 2013).